FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 29, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>    v.<br><br>JOHN BERT HEATH,<br><br>    Defendant/Movant. | No. 2:15-CR-06013-EFS<br>[No. 4:17-CV-05210-EFS]<br><br>**ORDER DISMISSING 28 U.S.C. § 2255 MOTION AS UNTIMELY** |

Before the Court is Defendant/Movant John Bert Heath's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 59.[1] Mr. Heath seeks to vacate his conviction for Transfer of Obscene Material to Minor based on allegations of disproportionate sentencing, ineffective assistance of counsel, and misconduct by the Government. *Id*. For the following reasons, Mr. Heath's Motion is dismissed as untimely.

### I.    Facts and Procedural HIstory

On August 11, 2015, Mr. Heath pleaded guilty to Transfer of Obscene Material to Minor in violation of 18 U.S.C. § 1470. *See* ECF No. 37. On November 16, 2015, pursuant to the binding plea agreement, ECF No. 35,

---

[1] All record citations refer to the underlying criminal case, No. 2:15-CR-06013-EFS.

ORDER ALLOWING SUPPLEMENT OR VOLUNTARY WITHDRAWAL - 1

the Court sentenced Mr. Heath to 96 months' imprisonment followed by a 3-year term of supervised release. ECF No. 54 at 2-3.

On December 18, 2017, Mr. Heath filed the instant Motion, ECF No. 59. Mr. Heath argues the Court's sentence was disparate, his counsel was ineffective and "threaten[ed]" and "coerce[d]" him into accepting the plea agreement, the prosecutor utilized an unconstitutional "scheme" to enhance his offense level and manipulated the Court into a higher sentence, and the Court erred by declining to reduce Mr. Heath's Guideline calculation by three points for acceptance of responsibility. *See* ECF No. 59 at 2-3, 5. He further argues that because "more than 90% of criminal cases result in plea agreement," it is "virtually incomprehensible that any reasonable jurist would believe that the defendant before him has accepted a plea knowingly and voluntarily." ECF No. 59 at 5.

On January 24, 2018, the Court entered an order explaining that Mr. Heath's § 2255 motion appeared to be untimely. Mr. Heath's judgment became final on December 1, 2015. ECF Nos. 52 & 54; *see* Fed. R. App. P. 26(a)(1). Accordingly, the § 2255 limitations period expired one year later, on December 1, 2016. *See* 28 U.S.C. § 2255(f). The Court offered Mr. Heath 60 days to either (1) file a supplement explaining why his § 2255 motion was timely or (2) withdraw his motion. ECF No. 60 at 4. The Court further explained that if Mr. Heath did not take one of those two actions by March 23, 2018, his § 2255 motion would be dismissed as untimely. ECF No. 60 at 5. Mr. Heath did not take any action until March 27, 2018, when he filed a supplemental brief arguing that his Motion is not time-barred. ECF No. 61.

**II. Applicable Law**

As explained in the Court's prior Order, ECF No. 60, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must examine a § 2255 motion and the record to determine whether summary dismissal is warranted. Importantly, a defendant must file a § 2255 habeas petition within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

A district court's judgment becomes "final" for habeas purposes after the deadline to file a notice of appeal, which is 14 days after judgment is entered. *United States v. Gilbert*, 807 F.3d 1197, 1200 (9th Cir. 2015); Fed. R. App. P. 4(b)(1)(A). Accordingly, § 2255's one-year limitations period begins to run once a defendant's right to appeal his final judgment expires. *Id.*

The one-year limitations period may be tolled if a defendant shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*

*v. DiGuglielmo*, 544 U.S. 408, 413 (2005)). A movant must show that the extraordinary circumstances "were the cause of his untimeliness" and that they were caused by an "external force." *United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (internal quotations and citations removed); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011. "Oversight, miscalculation or negligence on [the movant's] part" preclude the application of equitable tolling. *Id.* (citing *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)).

### III. Analysis

On January 24, 2018, the Court permitted Mr. Heath 60 days to either file a supplement explaining why his § 2255 motion is timely or to voluntarily withdraw his motion. ECF No. 60 at 4. In that Order, the Court clearly explained that if Mr. Heath did not take one of the above actions by March 23, 2018, his motion would be dismissed. ECF No. 60 at 5. In his untimely supplement, Mr. Heath did not explain why he failed to comply with the Court's Order or give any reason why he could not do so. *See* ECF No. 61 at 2-3. Accordingly, the Court dismisses Mr. Heath's motion as untimely.

Even if Mr. Heath had filed his supplemental brief within the 60-day deadline, the Court would still dismiss his motion as untimely. Although Mr. Heath states — in a conclusory manner — that his motion is not time-barred, he has not informed the Court of any "extraordinary circumstances" that prevented him from filing his § 2255 motion within the one-year limitations period. *See Holland*, 560 U.S. at 649. Nor has he made any other showing why his motion is timely.

/

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant/Movant John Bert Heath's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF No. 59, is **DENIED.**
2. This file shall remain **CLOSED** and the Clerk's Office is directed to **CLOSE** the related civil file, No. 4:17-CV-05210-EFS.
3. The Court **DECLINES** to issue a certificate of appealability. *See* 28 U.S.C. §2253(c)(2)

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to the United States Attorney's Office for the Eastern District of Washington and to Mr. Heath.

**DATED** this  29th   day of March 2018.


　　　　　　　　　　　__s/Edward F. Shea_____
　　　　　　　　　　　EDWARD F. SHEA
　　　　　　　　　Senior United States District Judge

Q:\EFS\Criminal\2015\15-CR-6013;Heath.ord.dismiss.2255.untimely.lc02.docx

ORDER ALLOWING SUPPLEMENT OR VOLUNTARY WITHDRAWAL - 5