FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 04, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

         Plaintiff/Respondent,

    v.

JOHN BERT HEATH,

         Defendant/Movant.

No.   2:15-CR-06013-EFS
[No. 4:17-CV-05210-EFS]

**ORDER DENYING CONSTRUED MOTION FOR RECONSIDERATION AS UNTIMELY**

Before the Court is Defendant/Movant John Bert Heath's construed Motion for Reconsideration. ECF No. 76. Mr. Heath requests leave to amend his existing 28 U.S.C. § 2255 Motion to amend "inaccurate information." *Id*. Mr. Heath has filed the instant Motion after this Court dismissed as untimely Mr. Heath's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF No. 59, and dismissed Mr. Heath's Motion for Reconsideration, ECF No. 63. For the following reasons, Mr. Heath's Motion is dismissed as untimely.

As explained in the Court's prior Orders, ECF Nos. 60 & 62, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must examine a § 2255 motion and the record to determine whether summary dismissal is warranted. Importantly, a defendant must file a § 2255 habeas petition within one year of the latest of:

(1)    the date on which the judgment of conviction becomes final;
(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

A district court's judgment becomes "final" for habeas purposes after the deadline to file a notice of appeal, which is 14 days after judgment is entered. *United States v. Gilbert*, 807 F.3d 1197, 1200 (9th Cir. 2015); Fed. R. App. P. 4(b)(1)(A). Accordingly, § 2255's one-year limitations period begins to run once a defendant's right to appeal his final judgment expires. *Id.*

The one-year limitations period may be tolled if a defendant shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005)). A movant must show that the extraordinary circumstances "were the cause of his untimeliness" and that they were caused by an "external force." *United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (internal quotations and citations removed); *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). "Oversight, miscalculation or negligence on [the movant's] part" preclude the application of equitable tolling. *Id.* (citing *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)).

Mr. Heath's judgment became final on December 1, 2015. ECF Nos. 52 & 54; *see* Fed. R. App. P. 26(a)(1). Accordingly, the § 2255 limitations period expired one year later, on December 1, 2016. *See* 28 U.S.C. § 2255(f). Mr. Heath filed his § 2255 motion December 18, 2017. ECF No. 59. Mr. Heath has not informed the Court of any "extraordinary circumstances" that prevented him from filing his § 2255 motion within the one-year limitation period. *See Holland*, 560 U.S. at 649. Nor has he made any other showing why his motion is timely. As such, and for the reasons stated in the Court's prior order, ECF No. 62, Mr. Heath's motion is denied as untimely.

Accordingly, **IT IS HEREBY ORDERED**:

1.   Defendant/Movant John Bert Heath's construed Motion for Reconsideration, **ECF No. 76,** is **DENIED.**

2.   This file and the related civil file, No. 4:17-CV-05210-EFS, shall remain **CLOSED**.

3.   The Court **DECLINES** to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide a copy to the United States Attorney's Office for the Eastern District of Washington and to Mr. Heath.

**DATED** this  _3rd_  day of October 2019.


_____s/Edward F. Shea_____
EDWARD F. SHEA
Senior United States District Judge